**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ROBERT CURTIS BASS, INC. | CASE NO. 08CV2135 MMA (NLS) |
|---|---|
| Plaintiff, | **ORDER STAYING CASE PENDING PLAINTIFF'S PROCUREMENT OF COUNSEL AND PAYMENT OF THE $350 FILING FEE** |
| vs. | |
| COUNTY OF SAN DIEGO, et al., | |
| Defendants. | |

On February 20, 2009, the Court issued an Order granting Plaintiff's request to correct the docket to reflect that Plaintiff originally filed this above-entitled action as Robert Curtis Bass, Inc., a corporation. [Doc. No. 62]. At the time Plaintiff filed its complaint, it was not apparent that Plaintiff was filing the action as a corporation. This confusion was created in part by the caption, which reflected the Plaintiff as Robert Curtis Bass, an individual, and Plaintiff's failure to file the required disclosure statement of a nongovernment corporate party in compliance with Federal Rule of Civil Procedure 7.1. Throughout Plaintiff's various filings with the Court, Plaintiff referred to itself as Robert Curtis Bass and not Robert Curtis Bass, Inc. Because it appeared Plaintiff was proceeding as an individual, the Court permitted Plaintiff to proceed *pro se* and *in forma pauperis*.

[Doc. No. 8].

The Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the requisite filing fee. 28 U.S.C. § 1915(a). The statute that permits a party to proceed *in forma pauperis*, however, only extends to individuals, not to artificial entities. *Rowland v. Calif. Men's Colony*, 506 U.S. 194, 196 (1993). Because Plaintiff is a corporation, it is not permitted to proceed *in forma pauperis*. Accordingly, the Court hereby **REVOKES** Plaintiff's *in forma pauperis* status for this lawsuit, and **STAYS** all proceedings in this case, until such time as Plaintiff pays the filing fees in full. Plaintiff must pay the $350 court filing fee by ***March 23, 2009***.

In addition, Mr. Robert Curtis Bass intends to represent Plaintiff during the pendency of this suit as the "Attorney-In-Fact" or *pro querente* (for the plaintiff). [Doc. No. 55-2] at 2:4–15. 28 U.S.C. § 1654 permits parties to "plead and conduct their own cases personally" in federal court. Courts, however, have consistently held that corporations and other incorporated associations must appear in court through an attorney. *See, e.g.*, *Rowland*, 506 U.S. at 202; *Licht v. American W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994)*; Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1309 (2d Cir. 1991) ("Corporations and partnerships, [both of which are fictional persons], are unable to represent themselves and the consistent interpretation of § 1654 is that the only proper representative of a corporation or partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation."). Because Mr. Bass is a layperson and not a licensed attorney as required by law, he may no longer represent Plaintiff in this action. Accordingly, Mr. Bass may no longer participate as a legal representative in this case. Plaintiff must procure licensed legal representation on or before ***March 23, 2009***. Plaintiff's failure to pay the filing fee or procure counsel on or before ***March 23, 2009*** will result in the Court's dismissal of the case.

### CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's *in forma pauperis* status is **REVOKED**.
2. Plaintiff's *pro se* status is **REVOKED**.

3. Plaintiff must procure licensed legal representation and pay the $350 court filing fee by *March 23, 2009*. Mr. Robert Curtis Bass may no longer participate as a legal representative in this case.

4. The Case is **STAYED** pending Plaintiff's procurement of legal counsel and payment of the $350 filing fee and will be dismissed if Plaintiff fails to comply with this Order by *March 23, 2009*.

**IT IS SO ORDERED**.

DATED: February 23, 2009

*[signature]*

Hon. Michael M. Anello
United States District Judge